(7 App. Div. 142)

KESSLER et al. v. LEVY & LEVIS CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

DISCOVERY—TO ENABLE PLAINTIFF TO FRAME COMPLAINT.

An affidavit which states that defendant, in violation of its duty as plaintiffs' selling agent, made fraudulent returns as to goods sold, and converted to its own use a certain amount of proceeds, does not disclose sufficient grounds for a discovery by defendant for the purpose of enabling plaintiffs to frame their complaint, as the affidavit contains every allegation necessary for the complaint.

Appeal from special term, New York county.

Action by William Kessler and others against the Levy & Levis Company. From an order vacating an order for the examination of defendant's president, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, and INGRAHAM, JJ.

D. Neumark, for appellants.
C. J. Shearn, for respondent.

PER CURIAM. The order for the examination of the president of the defendant was granted upon an affidavit stating that such examination was necessary to enable the plaintiffs to prepare their complaint. That order was vacated for the reason that the papers did not disclose sufficient grounds upon which to require the defendant then to submit to an examination. The action is for conversion of a portion of the proceeds of goods sold by the defendant as the selling agent of the plaintiffs, and the affidavit of Alfred Kessler, one of the plaintiffs, states that the defendant, in violation of its duty, sold goods, made fraudulent returns, and has converted to its own use about $1,500 of the proceeds. The court below was right in stating that the affidavit did not disclose sufficient grounds upon which to require any one connected with the defendant to submit to an examination for the purpose of enabling the plaintiffs to frame a complaint. Every allegation necessary in a complaint for conversion of the $1,500 is contained in Mr. Kessler's affidavit, and there is no occasion for an examination of the character asked for to enable the plaintiffs to state in the complaint any fact which would be the basis of liability, or even to ascertain the amount of damages to be demanded for the conversion. That the affidavit discloses a state of facts which may render it necessary for the plaintiffs to examine some one of the defendant's officers as a witness before trial may be conceded, but that was not the ground upon which the order for examination now before us was applied for.

The order appealed from, vacating the order for examination, must be affirmed, with $10 costs.